NO. 07-06-0065-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 8, 2006
_____

FRANCISCO MURO, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 51,418-E; HON. ABE LOPEZ, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Francisco Muro, Jr. (appellant) appeals his conviction for possession of a controlled substance. His appellate counsel requested, on June 14, 2006, an extension of time to file the brief, stating that counsel only recently received access to the reporter's record. The extension was granted until July 3, 2006. On July 5, 2006, appellant's counsel requested a second extension, stating that due to trial schedule and other pending appellate matters, he had been unable to adequately prepare a brief. This request was also granted, and the

deadline was extended to July 31, 2006. However, counsel was also admonished that no further extensions would be granted. So too was he told that the failure to comply with this deadline would result in the abatement and remand of the appeal. Instead, counsel for appellant asked that the deadline again be extended until August 31, 2006.

Consequently, we abate the appeal and remand the cause to the 108th District Court of Potter County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1. whether appellant desires to prosecute the appeal; and

2. whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the

aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before September 7, 2006. Should additional time be needed to perform these tasks, the trial court may request same on or before September 7, 2006.

It is so ordered.

Per Curiam

Do not publish.